**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

UMB BANK, NATIONAL ASSOCIATION, as
Trustee for the Public Finance Authority Special
Facility Revenue Bonds, Series 2018A and 2018B,

Plaintiff,

v.

SITA PARTNERS LLC and AUSTIN FBO
HOLDINGS, LLC,

Defendants.

Case No. 1:21-CV-10670 (LGS)

**STIPULATED**
**CONFIDENTIALITY**
**AGREEMENT AND**
**[PROPOSED] PROTECTIVE**
**ORDER**

SO ORDERED.

Dated: April 27, 2022
New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE

LORNA G. SCHOFIELD, U.S.D.J.

The parties having agreed to the following terms of confidentiality, and the Court having

found that good cause exists for issuance of an appropriately tailored confidentiality order

governing the pre-trial phase of this action, it is therefore hereby **ORDERED** that any person

subject to this Order—including without limitation the parties to this action, their representatives,

agents, experts and consultants, all third parties providing discovery in this action, and all other

interested persons with actual or constructive notice of this Order—shall adhere to the following

terms, upon pain of contempt:

1.      Any person subject to this Order who receives from any other person any

"Discovery Material" (i.e., information of any kind provided in the course of discovery in this

action) that is designated as "Confidential" pursuant to the terms this Order shall not disclose

such Confidential Discovery Material to anyone else except as expressly permitted hereunder.  All

Discovery Material, whether or not designated "Confidential," shall be utilized by the receiving

parties and their counsel and advisors only for purposes of this litigation and for no other purposes.

1

2.      The person producing any given Discovery Material may designate as Confidential only such portion of such material as consists of:

      a.      non-public financial information (including without limitation profitability reports or estimates, percentage fees, design fees, royalty rates, minimum guarantee payments, sales reports and sale margins);

      b.      non-public material relating to ownership or control of any non-public company;

      c.      non-public business plans, product development information, or marketing plans;

      d.      any information of a personal or intimate nature regarding any individual;

      e.      documents or information subject to a preexisting confidentiality or protective order entered in any other action or proceeding; or

      f.      any other category of information hereinafter given confidential status by the Court.

3.      With respect to the Confidential portion of any Discovery Material other than deposition transcripts and exhibits, the producing person, that person's counsel, or any party may designate such portion as "Confidential" by stamping or otherwise clearly marking as "Confidential" the protected portion in a manner that will not interfere with legibility or audibility, and by also producing for future public use another copy of said Discovery Material with the confidential information redacted. All depositions shall presumptively be treated as Confidential and subject to this Order during the deposition and for a period of fifteen (15) days after a transcript of said deposition is received by counsel for each of the parties.  At or before the end of such fifteen-day period, the deposition shall be classified appropriately.

4.      If at any time prior to the trial of this action, a producing person or party realizes that some portion[s] of Discovery Material that that person previously produced without limitation should be designated as Confidential, the producing person, that person's counsel, or a party or its

counsel may so designate by so apprising all parties in writing, and such designated portion[s] of the Discovery Material will thereafter be treated as Confidential under the terms of this Order.

5.      No person subject to this Order other than the producing party shall disclose any of the Discovery Material designated by the producing person as Confidential to any other person whomsoever, except to:

a.      the parties to this action, including any employees or members of the parties;

b.      counsel retained by the parties, including any paralegal, clerical and other assistant employed by such counsel and assigned to this matter, and any vendors hired by such counsel to assist with this matter;

c.      as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

d.      any witness who counsel for a party in good faith believes may be called to testify at trial or deposition in this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as **Exhibit A** hereto;

e.      any person retained by a party to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as **Exhibit A** hereto;

f.      stenographers engaged to transcribe depositions conducted in this action; and

g.      the Court and its support personnel.

Notwithstanding the foregoing, nothing in this Order excuses a producing party from any confidentiality obligations imposed by any preexisting confidentiality or protective order entered in another litigation or other legal proceeding.

6.      Prior to any disclosure of any Confidential Discovery Material to any person referred to in subparagraphs 5(d) or 5(e) above, such person shall be provided by counsel with a copy of this Protective Order and shall sign a Non-Disclosure Agreement in the form annexed as

**Exhibit A** hereto stating that that person has read this Order and agrees to be bound by its terms. Said counsel shall retain each signed Non-Disclosure Agreement, hold it in escrow, and produce it to opposing counsel prior to such person being noticed to testify (at deposition or trial).

7.     All Confidential Discovery Material filed with the Court, and all portions of pleadings, motions or other papers filed with the Court that disclose such Confidential Discovery Material, may be filed under seal only as provided in Judge Schofield's Rule I.D.3. The parties will use their best efforts to minimize such sealing. In any event, any party filing a motion or any other papers with the Court under seal shall also publicly file a redacted copy of the same, via the Court's Electronic Case Filing system, that redacts only the Confidential Discovery Material itself or text that reveals the Confidential Discovery Material in a material way, and no other text.

8.     Any party who either objects to any designation of confidentiality, or who, by contrast, requests still further limits on disclosure (such as "Attorneys' Eyes Only," "Highly Confidential," or similar designation, in exceptional circumstances), may at any time prior to the trial of this action serve upon counsel for the designating person a written notice stating with particularity the grounds of the objection or request. If agreement cannot be reached promptly, counsel for all affected persons will convene a joint telephone call with the Court to obtain a ruling.

9.     Each person who has access to Discovery Material that has been designated as Confidential shall take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

10.     If, in connection with this litigation, a party inadvertently discloses information subject to a claim of attorney-client privilege or attorney work product protection ("Inadvertently Disclosed Information"), such disclosure shall not constitute or be deemed a waiver or forfeiture

of any claim of privilege or work product protection with respect to the Inadvertently Disclosed Information and its subject matter.

11.     If a disclosing party makes a claim of inadvertent disclosure, the receiving party shall not thereafter review the Inadvertently Disclosed Information for any purpose, except by order of the Court. The receiving party shall, within seven business days, return or destroy all copies of the Inadvertently Disclosed Information, and provide a certification of counsel that all such information has been returned or destroyed.

12.     Within seven business days of the notification that such Inadvertently Disclosed Information has been returned or destroyed, the disclosing party shall produce a privilege log with respect to the Inadvertently Disclosed Information.

13.     As with any information redacted or withheld, the receiving party may move the Court for an Order compelling production of the Inadvertently Disclosed Information. The motion shall be filed under seal, and shall not assert as a ground for entering such an Order the fact or circumstances of the inadvertent production.

14.     The disclosing party retains the burden of establishing the privileged or protected nature of any Inadvertently Disclosed Information. Nothing in this Order shall limit the right of any party to request an in camera review of the Inadvertently Disclosed Information.

15.     Extracts and summaries of Confidential Discovery Material shall also be treated as confidential in accordance with the provisions of this Order.

16.     This Protective Order shall survive the termination of the litigation. Within 60 days of the final disposition of this action, all Discovery Material designated as "Confidential," and all copies thereof, shall be promptly returned to the producing person, or, upon permission of the producing person, destroyed except that counsel of record may keep an unredacted copy of all

court filings, expert disclosures, and court and testimony transcripts related to the action, with all protections under this Protective Order remaining in place regarding these materials to the extent that they reference or reflect Confidential information.

17.     This Court shall retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.  The parties acknowledge that the Court retains discretion as to whether, in Orders and Opinions, to afford confidential treatment to information that the parties have redacted, sealed or designated as confidential.

**SO STIPULATED AND AGREED**.

**BINDER & SCHWARTZ LLP**

/s/ *Wendy H. Schwartz*
Wendy H. Schwartz
Lauren K. Handelsman
Tessa B. Harvey
366 Madison Avenue, 6th Floor
New York, NY 10017
212-510-7008
wschwartz@binderschwartz.com
lhandelsman@binderschwartz.com
tharvey@binderschwartz.com

*Attorneys for Defendant*
*Sita Partners LLC*

**YANKWITT LLP**
/s/ *Ross Eric Morrison*
Ross Eric Morrison
Russell Marc Yankwitt
140 Grand Street, Suite 705
White Plains, NY 10601
914-686-1500
ross@yankwitt.com
russell@yankwitt.com

**MCDERMOTT WILL & EMERY LLP**

/s/ *Kristin K. Going*
Kristin K. Going
Warren Haskel
Stacy A. Lutkus
Timothy C. Cramton
One Vanderbilt Avenue
New York, NY 10280
212-547-5429
kgoing@mwe.com
whaskel@mwe.com
salutkus@mwe.com
tcramton@mwe.com

**KELLEY DRYE & WARREN LLP**
Eric Roy Wilson
101 Park Avenue
New York, NY 10178
(212)-808-5087
ewilson@kelleydrye.com

Whitney Morgan Smith
200 Kimball Drive
Parsippany, NJ 07054
(973) 503-5900
wsmith@kelleydrye.com

6

*Attorneys for Defendant Austin*
*FBO Holdings, LLC*

*Attorneys for Plaintiff UMB Bank, National*
*Association, as Trustee for the Public*
*Finance Authority Special Facility Revenue*
*Bonds, Series 2018A and 2018B*

# **EXHIBIT A**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| UMB BANK, NATIONAL ASSOCIATION, as Trustee for the Public Finance Authority Special Facility Revenue Bonds, Series 2018A and 2018B, <br><br> Plaintiff, <br><br> v. <br><br> SITA PARTNERS LLC and AUSTIN FBO HOLDINGS, LLC, <br><br> Defendants. | Case No. 1:21-CV-10670 (LGS) <br><br> **NON-DISCLOSURE AGREEMENT** |

I, _____, acknowledge that I have read and understand the Protective Order in this action governing the non- disclosure of those portions of Discovery Material that have been designated as Confidential. I agree that I will not disclose such Confidential Discovery Material to anyone other than those persons listed in paragraph 5 of the Protective Order, and will make any such disclosure only for purposes of this litigation.  I further agree that at the conclusion of the litigation I will return all discovery information to the party or attorney from whom I received it. By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.

Dated: _____ By: _____