

Lauren K. Handelsman
Binder & Schwartz LLP            (T) 212.510.7272
366 Madison Avenue  6th Floor    (F) 212.510.7299
New York, NY 10017               lhandelsman@binderschwartz.com

May 17, 2022

Via ECF

Hon. Lorna G. Schofield
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

> Re: *UMB Bank, National Association, as Trustee for the Public Finance Special Facility Revenue Bonds, Series 2018A and 2018B v. Sita Partners LLC and Austin FBO Holdings, LLC*, Case No. 1:21-cv-10670-LGS

Dear Judge Schofield:

    This firm represents Sita Partners LLC ("Sita") in the above captioned litigation. In accordance with Rule I(D)(3) of Your Honor's Individual Rules and Procedures for Civil Cases, we write to request permission to file on an *in camera* basis an application for Binder & Schwartz LLP to be relieved as counsel of record for Sita pursuant to Rule 1.4 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York. That submission will not address the merits of this case.

    Applications to withdraw as counsel are routinely considered on an *in camera* basis in this District. *See, e.g.*, *C.D.S. Inc. v. Zetler*, No. 16-CV-3199 (VM) (JLC), 2017 WL 1103004, at *4 n.2 (S.D.N.Y. Mar. 23, 2017) (noting that it "is typical" to submit motions to be relieved as counsel under seal "given that the attorney-client relationship is implicated"); *ISC Holding AG v. Nobel Biocare Invs., N.V.*, 759 F. Supp. 2d 289, 293 (S.D.N.Y. 2010), *aff'd sub nom. ISC Holding AG v. Nobel Biocare Fin. AG*, 688 F.3d 98 (2d Cir. 2012) (*in camera* consideration of counsel's application to withdraw "is normal practice and there is no impropriety"); *Weinberger v. Provident Life & Cas. Ins. Co.*, No. 97 CIV. 9262 (JGK), 1998 WL 898309, at *1 (S.D.N.Y. Dec. 23, 1998) ("[I]t is appropriate for a Court considering a counsel's motion to withdraw to consider in camera submissions in order to prevent a party from being prejudiced by the application of counsel to withdraw.").

    Pursuant to Your Honor's Individual Rules, we have contemporaneously filed our Notice of Motion to Be Relieved as Counsel, and filed under seal our Memorandum of Law and Declaration in Support. We respectfully request that the Court enter a "So Ordered" endorsement of this letter and consider the sealed submission *in camera*.



                        Respectfully submitted,

                        /s/ Lauren K. Handelsman
                        Lauren K. Handelsman

cc:  All counsel of record (via ECF)

The application to withdraw is **GRANTED**.  A corporation, which is an artificial entity, may appear in federal court only through a licensed attorney.  *City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 129 (2d Cir. 2011).  By **May 20, 2022**, Defendant Sita's counsel shall file a declaration certifying that it has advised the client that, if it does not obtain representation within 30 days, a default judgment may be entered against it.  The motion to seal is **GRANTED**.  The Clerk of Court is respectfully directed to terminate Ms. Schwartz's, Ms. Handelsman's and Ms. Harevy's receipt of ECF notices and to close the motions at Docket Nos. 60 and 61.

Dated: May 18, 2022
       New York, New York

                        LORNA G. SCHOFIELD
                        UNITED STATES DISTRICT JUDGE



**APPENDIX**

All parties and attorneys of record who should have access to the sealed documents:

1. Binder & Schwartz LLP
2. Sita Partners LLC